IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 3:08CR332–HEH |
| ZARQUROUS LEQUIS SANDERS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Zarqurous Lequis Sanders ("Sanders"), a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("Mem. Support. § 2255 Motion," ECF No. 74). Sanders argues that he is entitled to relief based on the following claims:

| | |
|---|---|
| Claim One: | The Court erroneously upwardly departed in sentencing Sanders to thirty-two months over the recommended guideline range without a sufficient factual basis. (Mem. Supp. § 2255 Mot. 5, ECF No. 74.) |
| Claim Two: | The Court improperly relied upon United States Sentencing Guidelines ("U.S.S.G.") § 3D1.4, which addresses enhanced penalties for multiple criminal offenses, in granting the upward departure. (Mem. Supp. § 2255 Mot. at 6.) |
| Claim Three: | Counsel rendered ineffective assistance by:[1] |
| | (a)     not providing Sanders with the "discovery package" limiting Sanders's knowledge of the evidence against him (*Id.*); and |

---

[1] The Court has corrected the capitalization in the quotations from Sanders's submissions

      (b)    failing to argue Sanders's appeal to the best of his ability, which encouraged Sanders to "give up" on his appeal. *Id.*

The Government argues that Claims One and Two are procedurally barred, and that all three claims fail on the merits. The matter is ripe for judgment.

## I. PROCEDURAL HISTORY

On July 22, 2008, Sanders and two co-defendants were indicted for one count of Conspiracy to Obstruct, Delay, and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and two counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a) (Counts Two and Three). On August 3, 2009, Sanders pled guilty to Counts One and Three of the Indictment. (Minute Entry 51, ECF No. 53.) Sanders signed a Statement of Facts agreeing that, if the case were to proceed to trial, the Government would prove beyond a reasonable doubt that, *inter alia,*, "he and his co-conspirators acted with force, violence, and intimidation, in taking and attempting to take, [United States currency] from bank teller employees" at eight separate banks throughout Alabama, North Carolina, Ohio, Tennessee, and Virginia. (Statement of Facts ¶¶ 2–4, ECF No. 52.) In total, Sanders admitted that he and his co-conspirators stole approximately $151,342.00. *Id.* at 4.

The United States Probation Officer, in the Presentence Report ("PSR"), calculated Sanders's total offense level as 25 and his criminal history category as IV, yielding a sentencing range of 84 to 105 months of incarceration. (PSR Worksheet D, 1.) The Government filed a Motion for Upward Departure or Variance, asking the Court to increase Sanders's criminal history category by two levels: (1) a one-level increase to

2

account for uncounted robberies pursuant to U.S.S.G. § 3D1.4; and (2) a one-level increase pursuant to U.S.S.G. § 4A1.3(a) because Sanders committed previous felonies that were not represented in his criminal history. (Mem. Supp. Gov't Position 3–6, ECF No. 54.) The Government argued that Sanders's criminal history category substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes. *Id.* The Court granted the Government's motion, and increased Sanders's criminal history category from IV to VI. (Sentencing Minutes 1, ECF No. 55.) Under the Sentencing Guidelines, a criminal history category of VI with a total offense level of 25, yielded a sentencing range of 110 to 137 months. (U.S.S.G. Sentencing Table (2009)). The Court sentenced Sanders to 137 months of imprisonment on each count, to be served concurrently, followed by a three-year term of supervised release. (J. 2, ECF No. 57.)

The United States Court of Appeals for the Fourth Circuit affirmed, finding the imposed sentence "both procedurally and substantively reasonable." *U.S. v. Sanders*, 410 F. App'x 641, 644 (4th Cir. 2011).

## II. SENTENCING CLAIMS

The Fourth Circuit rejected Sanders's Claims One and Two on direct review. *Sanders*, 410 F. App'x at 643–44. Sanders fails to direct the Court to an intervening change in the law that would permit Sanders to re-litigate these claims. *See U.S. v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *see also Boeckenhaupt v. U.S.*, 537 F.2d 1182, 1183 (4th Cir. 1976). Thus, the Fourth Circuit's ruling bars collateral review of Claims One and Two. *Linder*, 552 F.3d at 396–97. Sanders "may not circumvent a

proper ruling on [his direct appeal claims] by re-raising the same challenge[s] in a § 2255 motion." *Id.* at 396 (citations omitted). Accordingly, Claims One and Two are dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In Claim Three, Sanders claims that his attorney, Charles Lewis, rendered ineffective assistance by: (a) not providing Sanders with the "discovery package," limiting Sanders's knowledge of the evidence against him; and (b) failing to argue Sanders's appeal the best of his ability, which encouraged Sanders to "give up" on his appeal. (Mem. Supp. § 2255 Mot. at 8.)

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

4

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See U.S. v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *Id.* at 369–70.

Sanders has failed to satisfy either prong of the *Strickland*. First, Sanders alleges no facts to indicate that his attorney's performance was deficient. To the contrary, the record demonstrates that Lewis spent significant time and effort counseling Sanders, ensuring that he understood the charges and the evidence against him, and his legal options prior to making decisions about his case. (Lewis Aff. ¶¶ 2–3, ECF No. 77–3.) With respect to Claim Three (a), Sanders vaguely suggests that Lewis failed to provide him with discovery materials. Sanders fails to identify with specificity what evidence his counsel failed to provide, and thus demonstrates no deficiency or prejudice. *See Sanders v. U.S.*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"); *see also U.S. v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (requiring habeas petitioner to proffer

5

"concrete evidence" of exculpatory nature to support his ineffective assistance claim). Moreover, contrary to Sanders's assertion, Lewis avers that he both provided Sanders with full access to the discovery items that the Government provided him on compact disc and reviewed all of the discovery items on the jail computer with Sanders. (Lewis Aff. ¶ 3.) Sanders fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, Claim Three (a) will be dismissed.

In Claim Three (b), Sanders asserts, in sum, that Lewis "failed to argue [Sanders's] appeal to the best of his ability, encouraging [Sanders] to give up his appeal. (Mem. Supp. § 2255 Mot. at 8.) Sanders fails to identify how counsel's performance was deficient or any resulting prejudice. Instead, Sanders vague, conclusory allegation fails to state a claim for habeas relief. *Sanders*, 373 U.S. at 19. Additionally, the record demonstrates that Lewis pursued what he determined was the only viable, albeit unlikely to prevail, argument on appeal – a challenge to the upward variance. (Lewis Aff. ¶ 6.)[2] Lewis's failure to prevail on appeal was not the product of any deficiency of counsel, but rather his meritless claims. Because Sanders fails to demonstrate deficiency or prejudice, Claim Three (b) will be dismissed.

### III. CONCLUSION

Sanders's § 2255 Motion will be denied. The action is dismissed. A certificate of appealability will be denied.[3]

---

[2] Moreover, Lewis actually *preserved* Sanders's right to appeal by encouraging Sanders to not accept a plea deal that would have waived that right. (Lewis Aff. ¶¶ 5–6.)

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 15, 2014
Richmond, Virginia

---

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Sanders has not satisfied this standard.

7